IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Fazail Azizan,

          Plaintiff,

                        Case No. 1:24-cv-3820-MLB

v.

Lyft, Inc.,

          Defendant.

_____/

# ORDER

The parties filed a joint motion for approval of a settlement agreement under the Fair Labor Standards Act ("FLSA"). (Dkt. 18.) After a review of the agreement, the Courts finds fair the amount of compensation and most of the agreement's terms. The proposed agreement, however, contains a non-disparagement clause preventing Plaintiff from "directly or indirectly, disparage[ing], reflect[ing] negatively on, or otherwise detrimentally affect[ing] [Defendant's] products or its services or those of any other Releasee." (Dkt. 18-2 at 6.) The Court rejects the proposed agreement based on this clause.

"Although a private settlement and stipulation for dismissal [typically] ends the case without judicial intervention, the Eleventh Circuit requires the district court to review the settlement of [a] FLSA claim." *Dees v. Hydrary, Inc.*, 706 F. Supp. 2d 1227, 1231 (M.D. Fla. 2010) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)). "The congressional purpose of the FLSA and the public's interest in the transparency of the judicial process decisively inform both the procedure and the standard applicable to a district court's review of an FLSA settlement." *Dees*, 706 F. Supp. 2d at 1231; *see also Lopez v. Nights of Cabria, LLC*, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (court review of FLSA settlements "implicates both the rights of the settling employee and the interests of the public at large").

Many courts have found confidentiality or non-disparagement clauses in FLSA settlement agreements impermissible because they promote non-compliance and "'thwart Congress's intent to ensure widespread compliance with the FLSA.'" *Ramnaraine v. Super Transp. of Fla., LLC*, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016) (citation omitted). For example, "[b]y including a confidentiality [or non-disparagement] provision, the employer thwarts the informational

objective of the [FLSA's] notice requirement by silencing the employee who has vindicated a disputed FLSA right." *Dees*, 706 F. Supp. 2d at 1242. Indeed, silencing an employee who might otherwise disclose to other employees information about FLSA rights "undermine[s] the Department of Labor's regulatory effort to notify employees" of those rights. *Dees*, 706 F. Supp. 2d at 1242. To that end, "[c]ourts within this circuit routinely reject . . . non-disparagement clauses contained in FLSA settlement agreements." *Ramnaraine*, 2016 WL 1376358, at *3.

The broad and vague non-disparagement clause in this case presents that very concern. One could read the clause to preclude Plaintiff from telling other employees (or anyone else) about Plaintiff's claims and the results of this litigation. This contravenes the public policy of FLSA and "impermissibly frustrates [its] implementation." *Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302, 1306–07 (N.D. Ga. 2017).

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the parties' Joint Motion for Approval of Settlement Agreement (Dkt. 18). To the extent the parties wish to renew their motion, they must ensure that the settlement agreement does not contain a non-disparagement clause (or any other sort of confidentiality clause), unless the clause specifically

excludes any intention to prevent Plaintiff from discussing his allegations against Defendant, the lawsuit (other than the settlement), and his claims.

**SO ORDERED** this 31st day of December, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE