## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **FAZAIL AZIZAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File** |
| **v.** | ) | **No. 1:24-CV-03820-MLB** |
| | ) | |
| **LYFT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

### 1. INTRODUCTION

Plaintiff Fazail Azizan ("Plaintiff") and Defendant Lyft, Inc. ("Lyft" or "Defendant") (collectively, the "Parties") jointly notify the Court that they have resolved this action and all claims alleged in Plaintiff's Complaint, and hereby stipulate to the voluntary dismissal with prejudice of this Case in its entirety under Fed. R. Civ. P. 41(a), subject to the conditions agreed upon by the Parties and explained in detail herein.

Given Plaintiff's Complaint alleges causes of actions arising under the Fair Labor Standards Act ("FLSA"), the Parties also jointly move the Court as follows:

(1) for an Order approving the Parties' amended Settlement Agreement;[1] and (2) to provide that all claims brought or that could have been brought in this case shall stand and be automatically dismissed with prejudice.

## II. PROCEDURAL BACKGROUND

Plaintiff filed a Complaint against Lyft in this Court on or about April 26, 2024 (case no. 1:24-cv-01491-MLB,) which Plaintiff voluntarily dismissed and subsequently filed a Renewed Complaint and Amended Renewed Complaint against Lyft on August 28, 2024 and September 23, 2024, respectively (case No. 1:24-cv-03820-MLB) (collectively referred to as "the Case"), alleging failure to pay minimum wage in violation of the FLSA and Georgia law, and failure to pay overtime in violation of the FLSA. [*See* Dkt. 10.] Lyft's deadline to answer or otherwise respond to the Complaint was October 9, 2024. [Dkt. 7.]

In the interim, the Parties engaged in settlement negotiations and reached an agreement to settle the Case. On October 7, 2024, Defendant notified the Court, with consent, that the parties had reached a resolution and requested a stay of this action to finalize the settlement agreement. [Dkt. 12.] On October 8, 2024, this Court entered an Order directing the Clerk to administratively close the case and the parties to notify the Court once the settlement agreement was finalized and request

---

[1] Attached hereto as Exhibit B.

approval. [Dkt. 13.] Accordingly, Lyft has not filed an answer or otherwise responded to the Complaint.

On November 13, 2024, the Parties filed a Joint Motion for Settlement Approval. [Dkt. 18.] The Court denied the Parties' initial Joint Motion without prejudice, advising the Parties could renew their Joint Motion with certain revisions to the Parties' settlement agreement concerning the non-disparagement provision. [Dkt. 19.] The parties now renew their Joint Motion seeking the Court's approval of a negotiated amended Settlement Agreement specifically addressing the Court's concerns, as well as an Order governing the final resolution of this case.

## III. STANDARD FOR SETTLEMENT APPROVAL

An employee may settle and release FLSA claims against his former employer where the parties present the district court with a proposed settlement, and the district court enters an Order approving same. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Indeed, district courts are authorized to approve settlements of FLSA claims where the proposed settlement agreement reflects a reasonable compromise resolving the issues in dispute, including but not limited to the applicability of FLSA coverage and/or computation of back wages owed, if any. *Id.* at 1354. Lyft does not believe that Plaintiff is covered by the FLSA, but

nevertheless, submits this agreement for approval because Plaintiff alleged these claims.

## IV. THE COURT SHOULD APPROVE THE PARTIES' AMENDED SETTLEMENT AGREEMENT

Plaintiff contends that he is owed an undetermined amount of unpaid minimum wage and overtime, as well as liquidated damages. Lyft disputes that it was Plaintiff's employer and that Plaintiff is entitled to minimum wage or overtime. Lyft is not a transportation company. Lyft provides a marketplace platform that connects independently established drivers with individuals who need a ride through the use of a mobile application. Plaintiff received a license to use the Lyft platform upon entering into a user agreement, or Terms of Service, with Lyft. Lyft disputes that it was Plaintiff's employer during the time Plaintiff accessed the Lyft Platform. Lyft further contends that Plaintiff's claims are subject to mandatory arbitration.

The Parties have each agreed to a settlement that represents a reasonable compromise of the legal and factual issues in dispute.[2]

Plaintiff has incurred no attorneys' fees and the Parties are not requesting for the Court to award attorneys' fees or costs over and above the settlement payments, but merely to approve the voluntary settlement agreed to by the Parties. The parties

---

[2] The settlement proceeds are described in Plaintiff's separate amended Settlement Agreement that the Parties submit for this Court's approval attached hereto as Exhibit B.

believe that the terms reflected in their amended Settlement Agreement are both fair and reasonable, and request the Court to approve the settlement.

Plaintiff was provided the opportunity to be represented in the preparation, negotiation, and execution of the amended Settlement Agreement by legal counsel of his own choosing. While Plaintiff elected not to retain counsel, Plaintiff understands the terms and consequences of the Agreement and of the releases it contains, is fully aware of the legal and binding effect of the Agreement, and Plaintiff voluntarily choose to release all claims against Lyft in exchange for sufficient consideration.

## V. CONCLUSION

Based on the foregoing, the Parties respectfully request an Order: (1) approving the Parties' amended Settlement Agreement; and (2) providing that all claims brought or that could have been brought in this Case shall stand and be automatically dismissed with prejudice.  A Proposed Order is attached hereto as Exhibit A.

Respectfully submitted, this 16th day of January, 2025.


*/s/ Fazail Azizan*
Fazail Azizan
1407 Cimarron Pkwy.
Atlanta, GA  303050
fazailazizan@gmail.com

Pro se *Plaintiff*

s/ *Jeffrey J. Costolnick*
Jeffrey J. Costolnick
Georgia Bar No. 637168
jeffrey.costolnick@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
191 Peachtree Street, NE, Suite 4800
Atlanta, Georgia 30303
Telephone:  404.881.1300
Fax:  404.870.1732

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **FAZAIL AZIZAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File** |
| **v.** | ) | **No. 1:24-CV-03820-MLB** |
| | ) | |
| **LYFT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 16th day of January, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, and served by U.S. First Class Mail postage prepaid and electronic mail, addressed as follows:

Fazail Azizan
1407 Cimarron Pkwy.
Atlanta, GA  303050
fazailazizan@gmail.com

*/s/ Jeffrey J. Costolnick*
Jeffrey J. Costolnick
Georgia Bar No. 637168